IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICQUA BRYANT,<br>                    Plaintiff, | CIVIL ACTION |
| v. | NO. 23-2026 |
| BEST BUY IMPORTS,<br>                    Defendant. | |

## MEMORANDUM OPINION

Plaintiff Shanicqua Bryant initiated this civil action by filing a *pro se* Complaint against Best Buy Imports ("Best Buy") claiming violations of the Federal Trade Commission Act and, *inter alia*, state consumer protection laws based on Bryant's purchase of a vehicle from Best Buy in January of 2023.  (ECF No. 2.)  Bryant seeks leave to proceed *in forma pauperis*.  (ECF No. 1).  For the following reasons, the Court will grant Bryant leave to proceed *in forma pauperis*, dismiss her federal claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss her state law claims without prejudice for lack of jurisdiction.

## I.       FACTUAL ALLEGATIONS[1]

Bryant alleges that on January 10, 2023, she purchased a vehicle from Best Buy, located in Philadelphia, Pennsylvania. (ECF No. 2 at 6).  Bryant contends that Best Buy "violated many regulations in the Federal Trade Commission concerning consumer rights on vehicle purchases." *Id*.  Specifically, she claims that the "car has [a] big dent but no accidents were reported to [her]," and that two days after her purchase she was "not happy at all about how the car was

---

[1]  The following allegations are taken from Bryant's Complaint.  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

running" as she "had to already put money to get brakes and other things done to [the] car." *Id*.

She further complains that "there was no price on the car" and that she "did not pick out [the]

car." *Id*. Bryant also claims that Best Buy "forged a check to PENNDOT for fees that [she] was

unaware of causing the vehicle to have no valid registration." *Id*. Bryant further alleges that

Best Buy "took [her] money" but "did not pay taxes or registration fees," causing her to miss

work and suffer lost wages. *Id*. Bryant seeks $36,525.00 in damages. *Id.*

## II.    STANDARD OF REVIEW

The Court grants Bryant leave to proceed *in forma pauperis* because it appears that she is

incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss Bryant's Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts

alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not

suffice. *Iqbal*, 556 U.S. at 678. Furthermore, the Court must dismiss any claims over which it

lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution,*

*Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to

subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues

*sua sponte*").  As Bryant is proceeding *pro se*, the Court construes the allegations of her

Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

#### A.  Federal Law Claim

Bryant brings her federal claim pursuant to the Federal Trade Commission Act

("FTCA").  (ECF No. 2 at 2 & 6).  This claim is not plausible because Congress has provided

that only the Federal Trade Commission has the authority to enforce the FTCA.  *See* 15 U.S.C.

§ 57(a)(1) (providing that if any person "violates any rule under this subchapter respecting unfair

or deceptive acts or practices . . .  then the Commission may commence a civil action against

such person. . . .").  Though the Third Circuit has not directly addressed this issue, other Courts

of Appeals have consistently held that the FTCA does not provide a private right of action.  *See,*

*e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974); *Fulton v.*

*Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280

(9th Cir. 1973); *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *Jeter v. Credit*

*Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985); *Holloway v. Bristol-Myers Corp.*, 485

F.2d 986, 997-98 (D.C. Cir. 1973).[2]  Accordingly, any claims brought by Bryant pursuant to the

FTCA will be dismissed with prejudice.

#### B.  State Law Claims

---

[2]  *See also Peoples v. Boscov's Dep't Store, LLC*, 2023 WL 1823779, at *3 (E.D. Pa. Feb. 9, 2023); *Pressley v. Exeter Fin. Corp*, 2022 WL 2905235, at *3 (E.D. Pa. July 22, 2022); *Taggart v. GMAC Mortg., LLC*, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) ("[P]rivate parties are not authorized to file enforcement actions, only the FTC has that authority."); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp.2d 269, 281 (E.D. Pa. 2012); *Mercy Health Sys. of Se.*

Liberally construed, the Complaint asserts state law claims for violations of consumer protection laws such as the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and forgery based on the purchase of a car from Best Buy.  (ECF No. 2 at 4 & 6). However, the Court lacks subject matter jurisdiction over any such claims.[3]

The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* U.S.C. § 1332(c)(1).

Bryant has not alleged the parties' citizenship, (ECF No. 2 at 3), although she lists Pennsylvania addresses for her and Best Buy.  *Id*. at 1 & 2.  Furthermore, Bryant seeks damages

---

*Pa. v. Metro. Partners Realty LLC*, 2002 WL 1774060, at *2 (E.D. Pa. July 29, 2002) (rejecting an implied private right of action under the FTC's franchise disclosure rules, which were enacted pursuant to the FTCA); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 796 (E.D. Pa. 1997).

[3] Having dismissed Bryant's federal claim, the Court declines to exercise supplemental jurisdiction over any state claims.

page

in an amount far less than the jurisdictional threshold.  The Court therefore cannot exercise diversity jurisdiction.  Accordingly, the Court will dismiss Bryant's state law claims for lack of jurisdiction without prejudice to her refiling those claims in state court if she chooses to do so.[4]

### IV.    CONCLUSION

For the foregoing reasons, the Court will grant Bryant leave to proceed *in forma pauperis*, dismiss Bryant's federal claim with prejudice and dismiss any state law claims without prejudice to Bryant pursuing those claims in an appropriate state court if she chooses to do so. Bryant will not be given leave to file an amended complaint in this case because amendment would be futile.

An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____

WENDY BEETLESTONE, J.

---

[4] The Court expresses no opinion on the merits of any such claims.